**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 03-4554**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

STEVEN MAURICE GADSDEN, a/k/a Stephen Maurice
Gadsden, a/k/a Sateven Maurice Gadsden, a/k/a
Maurice Wayne Benbow, a/k/a Maurice Benbow,
a/k/a Maurice Stevie Benbow,

Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Charleston.  David C. Norton, District Judge.
(CR-02-846)

Submitted:  March 3, 2004          Decided:  March 19, 2004

Before WIDENER, TRAXLER, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

David B. Betts, Columbia, South Carolina, for Appellant.  James
Strom Thurmond, Jr., United States Attorney, Columbia, South
Carolina; Lee Ellis Berlinsky, OFFICE OF THE UNITED STATES
ATTORNEY, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Steven Maurice Gadsden appeals his convictions and the 300-month sentence imposed after he pled guilty to two counts of using and carrying a firearm during and in relation to a crime of violence (robbery), in violation of 18 U.S.C. § 924(c)(1) (2000). Gadsden's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), raising one issue but stating that, in his view, there are no meritorious issues for appeal. Gadsden has filed a pro se supplemental brief. We affirm.

Counsel questions whether the district court fully complied with the mandates of Rule 11 of the Federal Rules of Criminal Procedure in accepting Gadsden's guilty plea. Because Gadsden did not move in the district court to withdraw his guilty plea, we review his challenge to the adequacy of the Rule 11 hearing for plain error. See United States v. Martinez, 277 F.3d 517, 525 (4th Cir.) (providing standard of review), cert. denied, 537 U.S. 899 (2002). Our review of the record convinces us that there is no plain error.

In his pro se supplemental brief, Gadsden contends that counsel improperly advised him to plead guilty to the § 924(c) offenses. However, "[i]neffective assistance claims are not cognizable on direct appeal unless counsel's ineffectiveness conclusively appears on the record." United States v. James, 337 F.3d 387, 391 (4th Cir. 2003), cert. denied, 124 S. Ct. 1111

- 2 -

(2004).  Because Gadsden has failed to meet this high standard, we decline to address his ineffective assistance of counsel claim on direct appeal.

In accordance with <u>Anders</u>, we have reviewed the entire record for any meritorious issues and have found none. Accordingly, we affirm Gadsden's convictions and sentence.  This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>